IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEYLAN JENKINS, | ) | 4:13CV3138 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL L. KENNEY, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Keylan Jenkins's ("Petitioner") Petition for Writ of Habeas Corpus. (Filing No. 1.) Petitioner argues that he is entitled to a writ of habeas corpus based on the following claims:

Claim One:  Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because his trial counsel (1) advised Petitioner to plead to a charge "illustrating improper and wrong statutory language," (2) failed to advise Petitioner about the nature of the charges against him, and (3) failed to investigate facts or depose witnesses. (*Id.* at CM/ECF pp. 5-6.)

Claim Two:  Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because his appellate counsel failed to raise his trial counsel's ineffectiveness as a claim on appeal. (*Id.*)

For the reasons set forth below, a grant of a writ of habeas corpus is not warranted on any of these issues.

# I.  BACKGROUND

## A.    Conviction

On September 1, 2009, the State of Nebraska ("State") charged Petitioner by information in the Douglas County District Court ("state district court") with first degree assault and use of a deadly weapon to commit a felony.  (Filing No. 7-4 at CM/ECF p. 10.)  The factual basis provided at Petitioner's plea hearing by counsel for the State set forth that:

> [O]n July 24th, 2009, the defendant in this case was a passenger in the back of a vehicle being driven by Jerry Fellows. Also in the rear of this vehicle were the victim, Shaniqua Grayson, and a witness, LaShawna Ashworth.  They had been riding around together that evening.
>
> In the area of 37th and Grand Avenue, they had just been involved in a rolling shoot-out. They were then leaving that area, heading for the Wal-Mart near 72nd and Center Street. They were in the area of 72nd and Dodge Street, at which point in time the victim, Shaniqua Grayson, and LaShawna Ashworth were giggling. The defendant, Keylan Jenkins, became upset with those two individuals giggling and told them, pointed the firearm, he doesn't play that whispering shit. At which point in time Shaniqua Grayson kind of blew him off, and the defendant indicated you don't want to fuck with me, and fired the gun, striking her in the right arm, went through her right lung and struck her in the spinal cord. As a result the victim is paralyzed from the fourth rib down. At that point in time the defendant exited the vehicle and fled the scene. The victim was taken to Methodist Hospital by Mr. Fellows, was dropped off, and left. All events occurring in Omaha, Douglas County.

(Filing No. 7-1 at CM/ECF pp. 37-38.)

As part of a plea agreement, the State amended the original information to charge Petitioner with second degree assault and use of a deadly weapon to commit a felony.

2

(*Id.* at CM/ECF p. 18.)   On January 20, 2010, Plaintiff pled guilty to the amended information.   (*Id.* at CM/ECF pp. 31-32.)   On May 4, 2010, the state district court sentenced Petitioner to a period of not less than 15 years nor more than 20 years' imprisonment on the second degree assault charge.   (*Id.* at CM/ECF p. 53.)   In addition, the state district court sentenced Petitioner to a period of not less than 40 years nor more than 50 years' imprisonment on the use of a deadly weapon charge, and ordered that it run consecutive to the sentence on the assault charge.   (*Id.*)

**B.**   **Direct Appeal**

Petitioner appealed the state district court's judgment to the Nebraska Court of Appeals.   (Filing No. 7-4 at CM/ECF p. 1.)   He argued only that he received an excessive sentence.   (Filing No. 7-5 at CM/ECF pp. 1-10.) On September 14, 2010, the Nebraska Court of Appeals sustained the State's motion for summary affirmance. (Filing No. 7-3 at CM/ECF p. 2.)   Petitioner did not petition the Nebraska Supreme Court for further review of the issue.

**C.**   **Post-Conviction Motion**

Petitioner filed a motion for post-conviction relief in the state district court on August 11, 2011. (Filing No. 7-7 at CM/ECF pp. 25-34.) Petitioner argued that his trial counsel failed to explain the charges contained in the amended information, coerced Petitioner to enter his pleas, failed to explain to Petitioner the possible consequences of his pleas, failed to investigate two of the State's witnesses, and misled Plaintiff about his right to testify.   (*Id.*)   The state district court held an evidentiary hearing on September 6, 2012 (*id.* at CM/ECF p. 35), and denied Petitioner's post-conviction motion on September 18, 2012 (*id.* at CM/ECF pp. 35-39).

Petitioner filed a *pro se* motion to alter or amend the state district court's judgment on October 2, 2012, which the state district court denied on October 11, 2012.

(Filing No. 7-8 at CM/ECF p. 4.)  Petitioner appealed the district court's September 18, 2012, decision to the Nebraska Court of Appeals.  (Filing No. 7-7 at CM/ECF p. 1.) However, the Nebraska Court of Appeals dismissed the appeal on January 23, 2013, because Petitioner had not timely filed a motion to alter or amend judgment in the state district.  (Filing No. 7-6 at CM/ECF p. 2.)  Thereafter, the Nebraska Supreme Court denied a petition for further review.  (*Id.*)

### D.   Habeas Corpus Petition

Petitioner filed his habeas corpus petition in this court on July 31, 2013.  (Filing No. 1.)  In response to the petition, Respondent filed an answer, a brief in support of the answer, and the relevant state court records.  (Filing Nos. 7, 9, and 10.)  Petitioner did not file a brief in response to the answer despite being given two extensions of time in which to do so.  (*See* Docket Sheet.)  This matter is fully submitted.

## II.  STANDARD OF REVIEW

### A.   Exhaustion Requirement

As set forth in 28 U.S.C. § 2254(b)(1):

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

      (A)   the applicant has exhausted the remedies available in the courts of the State; or

      (B)   (i)   there is an absence of available State corrective process; or

             (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore *fairly present* the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

Moreover, where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 455 n. 1.

5

Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). In such circumstances, where a Nebraska state court rejects a claim on state procedural grounds, and issues a "'plain statement' that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir. 1989); *see also Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (reiterating that "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal habeas is barred because "[i]n such instances, the state prisoner forfeits his right to present his federal claim through a federal habeas corpus petition") (quotations omitted). However, the state court procedural decision must "rest[] on independent and adequate state procedural grounds." *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008) (quotation omitted). "A state procedural rule is adequate only if it is a firmly established and regularly followed state practice." *Id.* (quotation omitted).

**B.   Standard Under 28 U.S.C. § 2254(d)**

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the law and the facts. *See* 28 U.S.C. § 2254(d). Section 2254(d)(1) states that a federal court may grant a writ of habeas corpus if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme

6

Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. 529 U.S. at 405-406. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

With regard to the deference owed to factual findings of a state court's decision, Section 2254(d)(2) states that a federal court may grant a writ of habeas corpus if a state court proceeding "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As the Supreme Court noted, "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). The deference due state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Id.* In short, "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* However, this high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown v. Luebbers*, 371 F.3d 458, 460 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

The Eighth Circuit clarified what it means for a claim to be adjudicated on the merits, finding that:

> AEDPA's requirement that a petitioner's claim be adjudicated on the merits by a state court is not an entitlement to a well-articulated or even a correct decision by a state court. . . . Accordingly, the postconviction trial court's discussion of counsel's performance–combined with its express determination that the ineffective-assistance claim as a whole lacked merit–plainly suffices as an adjudication on the merits under AEDPA.

*Worthington v. Roper*, 631 F.3d 487, 496-97 (8th Cir. 2011) (internal quotation marks and citations omitted).  The court also determined that a federal court reviewing a habeas claim under AEDPA must "look through" the state court opinions and "apply AEDPA review to the 'last reasoned decision' of the state courts." *Id.* at 497.  A district court should do "so regardless of whether the affirmance was reasoned as to some issues or was a summary denial of all claims." *Id.*  The Supreme Court agrees, stating:

> There is no text in the statute requiring a statement of reasons.  The statute refers only to a "decision," which resulted from an "adjudication."  As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.

*Harrington*, 131 S. Ct. at 784.

## III.  DISCUSSION OF CLAIMS

### A.  Claim One

In Claim One, Petitioner raised three arguments that his trial counsel was ineffective.  These arguments are summarized in the introductory paragraphs of this Memorandum and Order.  Petitioner's first opportunity to raise these arguments was in his post-conviction motion because the same attorney represented Petitioner at trial and on direct appeal.  *See* *State v. Dunster*, 769 N.W.2d 401, 410-411 (Neb. 2009) (reiterating that, in Nebraska, claims of ineffective assistance of counsel raised on direct appeal by the same counsel who represented defendant at trial are premature and will not be addressed on direct appeal).  Respondent argues, and the court agrees, that Petitioner's claims are procedurally defaulted.

Petitioner arguably raised all parts of Claim One in his post-conviction motion. (*See* Filing No. 7-7 at CM/ECF pp. 25-34.)  The state district court denied Petitioner's post-conviction motion on September 18, 2012.  (*Id.* at CM/ECF pp. 35-39.)  Petitioner filed a motion to alter or amend judgment 14 days later, on October 2, 2012.  (*See* Filing No. 7-6 at CM/ECF p. 2.)  However, Nebraska statutory law required Petitioner to file a motion to alter or amend judgment in the state district court no later than *10* days after the entry of judgment.  *See* Neb. Rev. Stat. § 25-1329; *see also* Neb. Rev. Stat. § 25-1912(3) (providing that the 30-day appeal period is tolled by a timely motion to alter or amend a judgment).

Petitioner filed a notice appealing the state district court's order denying post-conviction relief 42 days after the order was entered.  (*See* Filing No. 7-7 at CM/ECF p. 1.)  Because Petitioner's motion to alter or amend judgment was not timely filed, it did not toll the 30-day appeal period.  Accordingly, the Nebraska Court of Appeals dismissed Petitioner's appeal because his motion to alter or amend judgment was not timely filed in the state district court.  (Filing No. 7-6 at CM/ECF p. 2.)  For these

9

reasons, Petitioner did not fairly present any of the arguments raised in Claim One to the Nebraska Court of Appeals.  Claim One is procedurally defaulted.

Petitioner has not argued, much less demonstrated, cause and prejudice for the default of Claim One or that the court's failure to consider it will result in a fundamental miscarriage of justice.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (stating claim that has been procedurally defaulted in the state courts will not be entertained in a federal habeas corpus proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default or, in the alternative, that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim). Regardless, out of an abundance of caution, the court will address the merits of the claim.

The state district court considered and rejected Petitioner's arguments that his trial counsel was ineffective.  In relevant part, the state district court wrote the following in its order denying post-conviction relief:

> The Defendant claims in his postconviction motion that his trial attorney failed to explain to him the nature of the charges against him. The Defendant appeared before the Court to enter his pleas on the morning of January 20, 2010 (See Exhibit No. 10). During the morning session on that date, the State amended the Information filed against the Defendant as part of its plea agreement with the Defendant, to charge the Defendant with recklessly assaulting Shaniqua Grayson. At that time, the Defendant indicated that he needed additional time to talk to his attorney, and the matter was recessed until the afternoon session of court on January 20, 2010, to allow the Defendant to discuss his pleas with his attorney. In the afternoon of January 20, 2010, the Defendant appeared again with his attorney, and entered his pleas to the State's Second Amended Information. It is clear from Exhibit No. 10 that at the time the Defendant entered his pleas, he was fully advised of the nature of the charges against him, and indicated to the Court that he understood the nature of the charges to which he pled at that time, and the sentences that might be imposed. Before accepting the Defendant's pleas, the Court asked the

10

Defendant if he had any questions, and he said that he did not. The Court finds that this allegation that his trial attorney was ineffective is without merit.

The Defendant claims that his trial attorney was ineffective in advising him to enter a plea of no contest to Count 2 of the Second Amended Information, and that it was in his best interests to do so. The Defendant indicated to the Court at the time of his plea that he understood the nature of his no contest plea to Count 2 of the Second Amended Information, and why it was in his best interests to enter that plea. Further, the Defendant's trial attorney, in response to the State's factual basis given for the Defendant's pleas, advised the Court that the Defendant continued to assert that the shooting in question was accidental, and that there had been inconsistencies in the statements of the victim and third passenger in the back seat of the car in question, and why the Defendant's no contest plea to the firearm charge was in his best interests. The Court finds that the Defendant's allegation that his trial attorney was ineffective regarding the entry of the no contest plea by the Defendant is without merit.

The Defendant next claims that his trial attorney was ineffective in failing to obtain depositions of Shaniqua Grayson and LaShawna Ashworth before advising the Defendant to enter his pleas. Again, the Defendant asserts that the shooting of Ms. Grayson was accidental, and that, but for his trial attorney's ineffective assistance of counsel, he could not have been convicted. The Defendant's trial attorney testified in his deposition, offered as evidence at the hearing on the Defendant's motion for postconviction relief (See Exhibit No. 11) that he deposed Ms. Grayson prior to the Defendant's pleas, and that she was adamant that the shooting in question was intentional. The Defendant's attorney further testified that Ms. Ashworth had indicated in her statement to the police that the shooting was intentional. The Defendant's attorney offered to the Court at the time of the Defendant's plea the inconsistent versions given by both women. Further, the Defendant has offered no evidence that Ms. Ashworth's trial testimony would have been any different than her version to the police that the shooting was intentional. The Court finds that this assertion that the Defendant's trial attorney provided ineffective assistance of counsel is without merit.

. . . .

11

As held in *State v. Vo*, 279 Neb. 964 (2010), in order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the Defendant has the burden to show that his attorney's performance was deficient and that the deficient performance prejudiced the Defendant's defense. And when a defendant's conviction is the result of a plea, the prejudice requirement is satisfied if he can show a reasonable probability that, but for the errors of his attorney, he would have gone to trial, rather than plead guilty or no contest. Here, the Defendant has failed to show that his attorney's performance was deficient, or how any alleged deficient performance prejudiced the Defendant, or that the Defendant would have gone to trial but for his attorney's ineffective assistance of counsel. The Defendant was properly advised of the charges to which he entered his pleas, he was properly advised of the consequences of entering the pleas, he was properly advised of the nature of his "best interests" plea to Count 2 of the Second Amended Information, and properly advised of his right to testify at a trial, all of which the Defendant indicated that he understood. Further, the Defendant has failed to show how his attorney's advice to him to enter his pleas constituted deficient performance by his attorney, or how he was prejudiced by any deficient performance, that is, how the ultimate outcome of the Defendant's situation could have been more favorable to the Defendant had he gone to trial in this case.

The Court finds that the Defendant's Verified Motion To Vacate and Set Aside Conviction And Sentence is denied.

(Filing No. 7-7 at CM/ECF pp. 36-39.)

The state district court's findings of fact and conclusions of law are entitled to deference under the statutory standard of review that applies to factual and legal conclusions reached by the state courts. Petitioner has not argued, much less established, that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or that the state court reached "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).

12

Moreover, after careful review of the record in this matter, this court agrees with the state district court's disposition of the issues.  It is clear from the transcript of the plea hearing that the state district court judge, Petitioner's trial counsel, and Petitioner discussed the plea agreement at length.  The agreement provided that Petitioner would plead guilty to second degree assault and no contest to use of a deadly weapon to commit a felony.  Specifically, Petitioner was to enter a plea to *recklessly* committing an assault, and *intentionally* using a firearm to commit the assault.  Petitioner's trial counsel described the agreement as "a compromise" in light of Petitioner's contention that the shooting was accidental and the State's contention that it was deliberate. (Filing No. 7-1 at CM/ECF p. 30.) Counsel for the State described the agreement as "meeting each other halfway."  (*Id.*)

The state district court judge asked Petitioner several times throughout the course of the proceedings whether he understood that, under Nebraska law, he might not be convicted of using a firearm to commit an assault that was committed recklessly.  (*See* Filing No. 7-1 at CM/ECF pp. 23-31.)  The record reflects Petitioner clearly understood this: "Yes, your Honor, because what -- what I know is second-degree assault is unintentional and the use that I'm charged with is intentional." (*Id.* at CM/ECF p. 31.) In addition, the state district court judge, Petitioner's counsel, and Petitioner discussed, on the record, why the plea was in Petitioner's best interest. (*See Id.* at CM/ECF pp. 29-32.)  The state district court judge summarized the discussion as follows:

> THE COURT: Okay. And do you understand further that your attorney has indicated to me that such a plea is in your best interests, and it's in your best interest because if you don't plead to this firearm charge in Count II the state will proceed to trial against you on the original Information charging you with a first-degree assault and using a firearm, and the first-degree assault in Count I of the original Information carries a much heavier penalty. So it's in your best interests that you agree with the prosecutor that you plead guilty to a second-degree assault. But the prosecutor insists that you also be convicted of using a firearm in the commission of that felony. Is that how you understand it?

13

THE DEFENDANT: Yes. Yes, your Honor.

(*Id.* at CM/ECF p. 31.)

It is clear from the record that Petitioner understood the nature of the charges against him and his contention otherwise is without merit.[1]  Petitioner has not shown that his counsel's performance was deficient.  In addition, he has not alleged, much less shown, that the outcome of the criminal proceedings would have been more favorable had he gone to trial.   Indeed, had Petitioner gone to trial and had the victim testified in a manner consistent with her deposition, she would have testified that Petitioner intentionally shot her.  (*See* trial counsel's deposition at Filing No. 7-2 at CM/ECF p. 79.)  The court finds that a grant of a writ of habeas corpus is not warranted on this issue.

## B.      Claim Two

The court construed Petitioner's habeas corpus petition to also assert a claim that Petitioner received the ineffective assistance of appellate counsel.  The only assertion Petitioner makes in this regard is as follows: "Appellant counsel failed to assign and argue [ineffective assistance of counsel] claim, also appellant counsel was saying same as trial counsel."  (Filing No. 1 at CM/ECF p. 5.)

Claim Two fails for two reasons.  First, the claim is conclusory, unsupported by any fact or argument, and does not specify which counsel's performance Petitioner is attacking (i.e., the counsel who represented Petitioner on direct appeal or the counsel

---

[1]It is worth noting that in *State v. Drinkwalter*, 720 N.W.2d 415 (Neb. Ct. App. 2006), the Nebraska Court of Appeals determined that, by entering into a plea agreement, a defendant waived any claim that he could not be convicted via a plea agreement of both an unintentional felony—manslaughter—and an intentional felony—use of a weapon to commit a felony.

14

who represented Petitioner in the post-conviction proceedings).  Second, the argument
lacks merit.  Petitioner was represented by the same attorney during the trial court
proceedings and on direct appeal.  Thus, Petitioner's first opportunity to raise
ineffective-assistance claims was in a post-conviction action.  *See* *Dunster*, 769 N.W.2d
at 410-411.  Accordingly, his trial counsel could not have been ineffective for failing
to raise the claims on direct appeal.

As to Petitioner's counsel in the post-conviction proceedings, he is not entitled
to relief on a claim that counsel failed to properly raise claims on appeal, as there is no
constitutional right to an attorney in state post-conviction proceedings.[2]  *See* *Coleman*,
501 U.S. at 752 (holding a petitioner cannot claim constitutionally ineffective assistance
of counsel in state post-conviction proceedings as there is no constitutional right to an
attorney in state post-conviction proceedings).  For these reasons, the court finds that
a grant of a writ of habeas corpus is not warranted on Claim Two.

---

[2]Petitioner's claims do not implicate the Supreme Court's holding in *Martinez
v. Ryan*, 132 S.Ct. 1309, 1319-20 (2012) (holding that inadequate assistance of counsel
during initial-review collateral proceedings may establish cause for procedural default
of a claim of ineffective assistance at trial where the initial-review collateral proceeding
is the first proceeding in which the prisoner can raise his claim of ineffective assistance
at trial).  In *Martinez*, the Court reasoned that a federal habeas court should "hear a
claim of ineffective assistance of trial counsel when an attorney's errors (or the absence
of an attorney) caused a procedural default *in an initial-review collateral
proceeding* . . . ." *Martinez*, 132 S. Ct. at 1318 (emphasis added).  Here, the default of
Petitioner's's claims did not occur because he failed to raise them in the initial-review
collateral proceeding (i.e., the post-conviction proceedings before the state district
court).  Rather, as set forth above, the default occurred because, after raising them in
his post-conviction motion, he failed to properly raise them on appeal.  In *Martinez*, the
Court was concerned that "when an attorney errs in initial-review collateral
proceedings, it is likely that no state court at any level will hear the prisoner's claim."
*Id.* at 1316.  That concern is not present here where the issues were actually raised in
the initial-review collateral proceeding, and then actually considered and rejected by
the state district court.

15

## IV.  CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Petitioner has failed to make a substantial showing of the denial of a constitutional right.  The court is not persuaded that the issues raised in Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.  Accordingly, the court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1.     This matter is dismissed with prejudice, and a separate judgment will be entered in accordance with this Memorandum and Order.

2.     The court will not issue a certificate of appealability in this matter.

DATED this 25th day of August, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.